STATE, Respondent, v. MARTIN, Appellant.

(227 N. W. 66.)

(File No. 6935.   Opinion filed October 15, 1929.)

*Windsor Doherty,* of Winner, for Appellant.

*M. Q. Sharpe,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

BROWN, J.   From a conviction for the offense of unlawfully transporting intoxicating liquor, and from an order denying a new trial, defendant appeals.

That he transported the liquor is undisputed, but on cross-examination of Frank Haas, a federal prohibition agent, who was a witness for prosecution, he stated that some one had told him that liquor would be brought there, whereupon he was asked who told him so, and he declined to state, saying that he was not permitted to inform any one where he got information.   The court sustained him in this position, and this is assigned as error.   We are unable to see in what manner the source of Haas' information would have had any bearing on the question of whether or not the defendant unlawfully transported the liquor.

Appellant's counsel argues that, if he had been allowed to show that the liquor had been brought there by arrangement made by Haas that it should be so brought, then Haas would be an accom-

plice, whose testimony would have to be corroborated in order to sustain a conviction. But to give the name of the person who told Haas that liquor would be brought there would in no manner tend to show that it was being brought by the arrangement or connivance of Haas. Haas testified that neither he nor any of the officers associated with him had made any arrangements to have defendant bring liquor to the place, and there was no offer to prove that Haas, or any one else connected with the prosecution, had connived with the defendant, or in anyway assisted him to procure or transport the liquor.

Judgment and order appealed from affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J. (concurring specially). I think appellant was unduly limited in his cross-examination of the witness Haas, but under all the circumstances here I think such improper limitation, while erroneous, was not prejudicial, and the judgment should be affirmed.